### FRED LANGHAM v. THE STATE.

No. 9302. Delivered June 26, 1925.

#### Aggravated Assault—Charge of Court—Must Submit Defense.

Where on a trial for an aggravated assault, alleged to have been committed by driving a motor vehicle into a pedestrian, the defense being that the pedestrian ran into the side of the motor vehicle, it was error for the court to fail to affirmatively submit this issue in his charge, which necessitates the reversal of the judgment.

Appeal from the County Court of Lee County. Tried below before the Hon. Wm. O. Bower, Judge.

Appeal from a conviction for an aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*E. T. Simmang, Jr.*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the county court of Lee County for the offense of an aggravated assault and his punishment assessed at a fine of $25.00.

The information charges the commission of an aggravated assault by wilfully and with gross negligence colliding with and causing serious bodily injury to Odine Shaffer upon a public highway situated in the town of Lexington, by striking the said Odine Shaffer with a motor vehicle.

The State's testimony shows that the appellant drove his car at a very rapid rate of speed between cars parked on each side of the road while people were crossing the road coming out of church at the time the accident occurred, and the injured party was struck and thrown over the end of the car driven by the appellant.

101 Tex. Crim.—12.

On the contrary, the defendant by at least one of his witnesses proved that defendant was driving along slowly and that the injured party was running fast and looking back and emerged from between the double line of parked cars, at a point just about even with the middle of defendant's front wheel; that as soon as the injured party appeared the appellant threw his car to the left to avoid hitting the boy and that the boy ran into the rear wheel about the hub of the wheel and fell right there. The witness further testified "Fred Langham did not run into this boy but the boy ran into Fred Langham."

The only complaint that appellant makes which we deem serious is the one wherein he claims that the court should have given his special charge No. 4 which was as follows:

"I instruct you that if you believe from the evidence that the injured person Odine Shaffer was injured by the defendant while the defendant was operating an automobile upon the street of Lexington, but you should further find that at the time the said Odine Shaeffer ran into the said automobile and was thereby injured, or if you have a reasonable doubt on this point, then I instruct you that the defendant cannot be convicted of any offense and if you so find you must return a verdict of not guilty."

Various other special charges were offered embodying this principle and timely objections were made to the court's failure to include this defense in his main charge to the jury. We think under the testimony above noted, the appellant was entitled to have this defense presented in an affirmative charge and that by reason of the court's failure to so present it, the court committed reversible error.

Various other errors are alleged by appellant but these we do not deem it necessary to discuss. For the error of the court in failing to charge on appellant's affirmative defense, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.